UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH AGEE, | CASE NO.: C08-0429-RSL |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| JEFFREY UTTECHT, | |
| Respondent. | |

## INTRODUCTION

Petitioner Joseph Agee is a Washington state prisoner who is currently serving a 531-month sentence for attempted murder in the first degree and related charges. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer, to which petitioner has not filed a response. After considering the parties' submissions and the balance of the record, the Court recommends that the petition be dismissed without prejudice.

## BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

REPORT AND RECOMMENDATION
PAGE -1

In September of 2004, Steven Hills and another man assaulted Joseph Agee at a motel in Seattle. Hills shot Agee in the face with a pellet gun, injuring Agee's left cheek. Hills later returned to the motel to retrieve his belongings. Agee shot Hills several times in the back and arm, causing life-threatening injuries. Hills identified Agee as the shooter at the scene and later from a group of photographs.

One night in September 2004, Kuljit Singh pulled his rented Jeep off the highway to take a nap. When Singh woke, Agee and another man approached him. One of the men was armed and demanded the car keys, Singh's credit card and money. The men drove away in the Jeep, and Singh reported the incident to the police. Singh told police one of the men had an injury on his left cheek. He later positively identified Agee from a group of photographs. Two days after the shooting, Portland, Oregon police arrested Agee, who was driving the stolen Jeep.

As to the Jeep incident, the State of Washington charged Agee with first degree robbery while armed with a firearm and first degree unlawful possession of a firearm. In a separate information, the State also charged Agee with attempted first degree murder, first degree unlawful possession of a firearm, intimidating a witness, witness tampering, and second degree assault. After his arrest, Agee called and threatened a witness to the shooting. As a result of the threat, the witness feared for his safety and did not identify Agee as the shooter in an interview with defense counsel. While Agee and a witness who was with him at his arrest were in the same holding room prior to trial, Agee asked the witness to lie about the Jeep incident.

The jury convicted Agee of first degree robbery while armed with a firearm, two counts of first degree unlawful possession of a firearm, first degree attempted murder, and witness tampering. The jury also found that Agee was armed with a firearm while he committed the attempted murder and robbery.

*State of Washington v. Agee,* Unpublished opinion, 137 Wash. App. 1011 (2007), 2007 WL 442210 (Dkt. No. 20, Ex. 6 at 1-3).

Petitioner appealed to the Washington Court of Appeals. The court affirmed petitioner's conviction in an unpublished opinion. (Dkt. No. 20, Ex. 6). Petitioner filed a *pro se* petition for review in the Washington Supreme Court. (*Id.*, Ex. 7). The Washington Supreme Court denied

review on February 5, 2008. (*Id.*, Ex. 8). The Washington Court of Appeals issued the mandate, terminating petitioner's state court appeals, on March 21, 2008. (*Id.*, Ex. 9).

On March 14, 2008, petitioner submitted the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1). After petitioner amended the petition to name a proper respondent, the Court directed the Clerk to serve the petition on respondent. (Dkt. No. 12). After receiving an extension of time, respondent filed an answer, along with the state court record, on July 23, 2008. (Dkt. No. 18). Petitioner has not filed a response to the answer, and the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner sets forth the following grounds for relief in his habeas petition:

1. Prosecutorial Misconduct
2. Ineffective Assistance of Counsel
3. Violation of Due Process, Denial of Appeal

(Dkt. No. 9 at 6-9).

## DISCUSSION

Respondent argues in his answer that petitioner failed to exhaust any of his grounds for relief. Because this issue is dispositive, respondent does not address the merits of petitioner's claims. After stating the principles governing exhaustion, the Court will analyze each claim to determine whether respondent is correct that petitioner failed to exhaust the claims in state court.

The exhaustion requirement has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir. 1998) (citations omitted). In order to present a claim to a federal court for review in a

habeas corpus petition, a petitioner must first have presented that claim to the state court. *See* 28 U.S.C. § 2254(b)(1). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

In addition, habeas petitioner must not only present the state court with the *first* opportunity to remedy a constitutional violation, but a petitioner must also afford the state courts a *fair* opportunity. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Finally, a petitioner must raise in the state court all claims that can be raised there, even if the state court's review of such claims is purely discretionary. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999). In other words, a petitioner must invoke one complete round of a state's established appellate review process, including discretionary review in a state court of last resort, before presenting their claims to a federal court in a habeas petition. *Id.* at 842-44. Thus, in Washington state, a petitioner must seek discretionary review of a claim by the Washington Supreme Court in order to properly exhaust the claim and later present it in federal court for habeas review.

<u>Petitioner's First Ground for Relief: Prosecutorial Misconduct</u>

In his first ground for relief, petitioner states the relevant facts as follows:

REPORT AND RECOMMENDATION
PAGE -4

> That the prosecutor made an ill-intentioned remark in closing argument in order to impassion the jury to believe that the [petitioner] consorted with or was a known heroin addict. The argument was flagrant and arguably intended to prejudice the jury's verdict by associating the [petitioner] with heroin and drug addiction without the offer of proper procedure or proof.

(Dkt. No. 9 at 6).

In his direct appeal to the Washington Court of Appeals, petitioner's counsel raised two issues. (Dkt. No. 20, Ex. 3 at 16, 21). The first issue pertained to the prosecutor's alleged failure to disclose evidence of a meeting between the victim of the shooting and petitioner's brother. (*Id.*, Ex. 6 at 3). The second issue related to a comment by the prosecutor during closing argument that a defense witness may have used heroin on the day of the shooting. (*Id.* at 5). When petitioner filed his petition for review with the Washington Supreme Court, he did so *pro se* and rephrased these two issues in his own words. (*Id.*, Ex. 7 at 1-2). However, neither petitioner's nor counsel's version of the two claims matches the claim presented here. Therefore, petitioner failed to exhaust this issue.[1]

In addition, petitioner also contends in his first ground for relief that "the prosecutor used the device of 'heresay' [sic] to allow the court record to offer testimony from a female prosecution witness that [petitioner] supposedly asked the woman to lie about her testimony." (Dkt. No. 9 at 6). This issue too was not presented to the state court, either by counsel or by petitioner. Accordingly, petitioner's entire first ground for relief should be dismissed for failure to exhaust.

---

[1] Petitioner also raised *pro se* additional grounds for relief in his appeal to the Washington Court of Appeals. (Dkt. No. 20, Ex. 5). Included in these grounds were a claim for ineffective assistance of counsel, but the claim was based on counsel's alleged failure to properly investigate, failure to prepare a presentence report, and failure to locate a witness. (*Id* at 1-2). Thus, the facts presented to the state court differ from the facts presented here.

REPORT AND RECOMMENDATION
PAGE -5

### Petitioner's Second Ground for Relief: Ineffective Assistance of Counsel

In his second ground for relief, petitioner states the relevant facts as follows:

> During the testimony of defense witness of Daniel McGill the prosecutor used illicit procedure to make the inference of heroin use as the defense counsel did not object until closing argument when the prosecutor for a second time openly associated the defendant with drug addiction as counsel did not request a curative jury instruction to eliminate the concept of prejudice in the jury's mind.

(Dkt. No. 9 at 8).

While this claim bears some resemblance to the issue that petitioner presented to the state court regarding the prosecutor's comment about a witness's use of heroin, petitioner never raised this issue as a claim of ineffective assistance in state court. Therefore, this issue too is unexhausted.[2]

### Petitioner's Third Ground for Relief: Violation of Due Process

In his third ground for relief, petitioner states the relevant facts as follows:

> The Division 1 Court of Appeals on 2/12/07 (by Susan Agid) authored an opinion to affirm the [petitioner's] conviction based upon erroneous opinions and condictory [sic] statements. Stating on pg. 5 of the COA opinion of 2/12/07 that the defense objected to remarks of heroin use, and contridicting [sic] this opinion on pg. 6 stating the defense <u>did not</u> object to these remarks.

(Dkt. No. 9 at 9) (emphasis in original).

First, the Court notes that this claim appears to be more of a criticism of the state court's opinion than a substantive ground for relief. Second, a careful reading of the opinion reveals that the opinion is not contradictory. The state court was analyzing two different statements by the

---

[2] Petitioner raises another issue in his second ground for relief. (Dkt. No. 9 at 8). Although difficult to decipher, this second issue appears to pertain to counsel's alleged failure to object to testimony by a witness that petitioner asked her to lie. (*Id.*) This claim was not presented to the state court and accordingly, it is unexhausted as well.

REPORT AND RECOMMENDATION
PAGE -6

prosecutor. The first pertained to a witness's use of heroin. (Dkt. No. 20, Ex. 6 at 5). The second related to the prosecutor's statement that the use of heroin "will affect your perceptions." (*Id.*) It is possible that defense counsel objected to the former statement but not to the latter. In any case, however, this issue was not presented to the state court, and therefore is unexhausted.

Respondent states that petitioner may still be able to return to state court to present these unexhausted claims because he "is not time-barred from pursuing a personal restraint petition in the Washington courts, at least not yet." (Dkt. No. 18 at 10). Respondent points out that petitioner's conviction became final, for the purposes of the state's post-conviction procedures, on March 21, 2008. Therefore, petitioner could possibly return to state court to exhaust the claims presented here. *See* RCW 10.73.090. Respondent cautions that if petitioner does return to state court, he may face other hurdles, such as the state's "relitigation bar of *In re Lord*, 123 Wn. 2d 296, 303, 868 P.2d 835 (1994)." (*Id.*) However, that determination should be made in the first instance by the state court. At a minimum, respondent does not argue, nor does the Court find, that petitioner's habeas claims are procedurally defaulted at this time due to Washington's one-year time limit for post-conviction relief.

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be dismissed without prejudice as unexhausted. A proposed Order reflecting this recommendation is attached.

DATED this 10th day of October, 2008.

Mary Alice Theiler
United States Magistrate Judge