01

02

03

04

05

06                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
07                            AT SEATTLE

08  JOSEPH AGEE,                     )   CASE NO.: C08-0429-RSL
                                     )
09        Petitioner,                )
                                     )
10        v.                         )   ORDER DENYING PETITIONER'S
                                     )   MOTION FOR STAY
11  JEFFREY UTTECHT,                 )
                                     )
12        Respondent.                )
    _____ )
13

14         Petitioner is a state prisoner who has filed a *pro se* petition for a writ of habeas corpus

15  pursuant to 28 U.S.C. § 2254.   On October 10, 2008, the Court issued a Report and

16  Recommendation ("R&R") that recommended dismissing the petition without prejudice because

17  petitioner's claims were unexhausted. (Dkt. No. 21).  On December 17, 2008, petitioner filed a

18  motion to stay consideration of the R&R while petitioner returned to state court to exhaust his

19  remedies. (Dkt. No. 27).  Respondent filed a response to the motion for a stay and the matter has

20  been referred to the Court. (Dkt. No. 29).  Having reviewed the motion for a stay, the response,

21  and the balance of the record, the Court does hereby find and ORDER as follows:

22         (1)     Petitioner states that he has filed a personal restraint petition in state court in order

01   to exhaust his claims. (Dkt. No. 27 at 1).  By taking this action, petitioner appears to be tacitly

02   conceding that the claims he presented in his habeas petition are all unexhausted.  In order to

03   qualify for a stay, however, petitioner' habeas petition must be a "mixed" petition, *i.e.*, it must

04   include at least one claim that has already been exhausted.  *See Rhines v. Weber*, 544 U.S. 269,

05   275-77 (2005).  Because petitioner's habeas petition contains only unexhausted claims, he does

06   not qualify for a stay.  Accordingly, petitioner's motion for a stay (Dkt. No. 27) is DENIED.[1]

07         (2)     The Clerk shall send a copy of this Order to petitioner, counsel for respondent, and

08   the Honorable Robert S. Lasnik.

09         DATED this <u>21st</u> day of January, 2009.

10

11                   Mary Alice Theiler
                  United States Magistrate Judge

12

13

14

15

16

17

18

19

---

[1] As respondent notes in his response to the motion for a stay, if petitioner's personal restraint petition has been properly filed in state court, then the running of the federal statute of limitations will be tolled during the pendency of the state court petition.  *See* 28 U.S.C. § 2244(d)(2).  Thus, petitioner should be able to return to federal court to present his claims in a habeas petition once his petition in state court has been fully resolved.